**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

SAMUEL E. HALEY, JR.,
Reg #05508-045
Petitioner,

v.

ANTHONY HAYNES, Warden,
FCI – Forrest City
Respondent.

**Case No. 2:13-CV-00153 KGB-JTK**

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**Disposition**

This matter is before the undersigned United States Magistrate Judge of the District Court on the petition of federal prisoner Samuel E. Haley, Jr. for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 2). Respondent has filed a response contending that the Petition should be dismissed. (Doc. No. 12).

**Background**

Petitioner is currently incarcerated at the Federal Correctional Institution in Beaumont, Texas (FCI-Beaumont). He was arrested by the United States Marshal Service (USMS) on September 8, 1977, but was released on bond on September 9, 1977. He was subsequently convicted of being a felon in possession of a firearm and was sentenced to two years' imprisonment by a Western District of Missouri court on December 16, 1977. The execution of his sentence was stayed, and he was allowed to remain on bond pending resolution of his appeal.

Before his appeal was decided, Petitioner was arrested by Missouri law enforcement on charges of assault with intent to kill with a pistol with malice and first degree robbery. The arrest occurred on February 14, 1978, and he has remained in continuous custody since that date.

The appeal of his federal conviction affirmed the conviction on August 16, 1978. On September 5, 1978, the State of Missouri sentenced Petitioner to four consecutive life sentences, and the court credited his sentence as beginning on February 14, 1978.

During his time in Missouri custody, Petitioner filed a civil rights action in the Western District of Missouri, and the judge presiding over that case ordered that Petitioner be transferred to the Federal Medical Center for U.S. Prisoners in Springfield, Missouri (USFMCP) for psychiatric evaluation. Missouri retained primary custody during this time and it was credited towards his state sentence. He was in USFMCP's custody from October 12, 1989, to December 20, 1989. Petitioner entered exclusive federal custody on August 22, 2013, for service of his federal sentence.

As noted by Respondent, jurisdiction, venue, and the named respondent are not obstacles to the Court's review.

**Discussion**

Petitioner argues that 1) the transfers between federal and state custody violated the Interstate Agreement on Detainers Act (IADA), 2) the time he spent released on bond in 1977-78 should be counted towards his federal sentence, and 3) his federal conviction violates the Double Jeopardy Clause. These claims are unexhausted and without merit.

First, Petitioner has "failed to exhaust his administrative remedies by first presenting his claim to the Bureau of Prisons (BOP)." *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000); s*ee also United States v. Iverson*, 90 F.3d 1340, 1344 (8th Cir. 1996) (district court does not have authority to credit defendant for pretrial detention if claim is not first presented to BOP); *Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir. 1993) (federal prisoners seeking jail-time credit must exhaust administrative remedies before seeking habeas corpus relief). The

administrative remedy process is governed by 28 C.F.R. §§ 542.10-.18, and it generally requires that an inmate first file a Request for Administrative Remedy at the institution level within 20 calendar days following the date on which the basis for the request occurred. 28 C.F.R. § 542.14(a). An inmate may appeal any resulting decision by filing a Regional Administrative Remedy Appeal with the appropriate Bureau Regional Office. 28 C.F.R. § 542.15(a). An inmate may not raise in an appeal issues he did not raise in the lower level filing. 28 C.F.R. § 542.15(b)(2). Finally, the inmate can appeal a Bureau Regional Office's decision by filing a Central Office Administrative Remedy Appeal to the Office of the General Counsel in Washington, D.C. *Id.*

To date, Petitioner has only filed one administrative remedy request related to the calculation of his sentence, and the subsequent appeal to the Bureau Regional Office was rejected because he failed to comply with the Bureau's administrative remedy procedures. Thus, Petitioner has failed to exhaust his remedies.

Petitioner's claims are also without merit. Petitioner's time on bond is not attributable to his sentence and neither is the time that he spent receiving mental evaluation at USFMCP in connection with his civil suit. The time at USFMCP was deducted from his state sentence. It is clear that 18 U.S.C. § 3568 and Bureau Program Statement 5880.30 have been appropriately applied to the calculation of his sentence and that there were no IADA violations.

Finally, Petitioner's claim regarding double jeopardy concerns the lawfulness of his conviction and the sentence imposed, and the court lacks jurisdiction to hear his claim. Such claims generally must be brought in the sentencing court (in this case, the Western District of Missouri) through a 28 U.S.C. § 2255 motion to vacate, set aside, or correct, and not in a habeas petition filed in the court of incarceration (in this case, at the time of filing, the Eastern District

of Arkansas) under § 2241. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003); 28 U.S.C. § 2255(a) (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the *validity* of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court that convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983). In contrast, a § 2241 habeas corpus petition attacks the *execution* of a sentence, or the manner in which the sentence is being carried out, and it is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009); *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Cain v. Petrovsky*, 798 F.2d 1194, 1196 n.3 (8th Cir. 1986).

However, Section 2255 contains a "savings clause" that provides an application for relief

> shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Thus, the issue before the Court is whether § 2255 was inadequate or ineffective to test the legality of Petitioner's conviction. If § 2255 was adequate or effective, then the Court lacks jurisdiction to entertain Petitioner's § 2241 claims.

"The prisoner has the burden of demonstrating § 2255 relief in the sentencing court would be unavailable or ineffective. Significantly, in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Hill*, 349 F.3d at 1091 (internal citations omitted). Petitioner has failed to satisfy his

burden. Accordingly, the Court lacks jurisdiction to hear Petitioner's claim regarding the Double Jeopardy Clause.

IT IS THEREFORE ORDERED that Petitioner's application for writ of habeas corpus (Doc. No. 2) pursuant to 28 U.S.C. § 2241 be, and it is hereby, dismissed, without prejudice. The relief prayed for is DENIED.

All pending motions are hereby DENIED AS MOOT.

SO ORDERED this 28th day of March, 2014.

United States Magistrate Judge